DELLA MISURIELLO, PLAINTIFF-RESPONDENT, v. JOHN J. DALY AND JENNIE S. DALY, DEFENDANTS-APPELLANTS.

Argued May 27, 1940—Decided October 10, 1940.

For the plaintiff-respondent, *Harry Levin.*

For the defendants-appellants, *Brady & Brady (Robert W. Brady.)*

The opinion of the court was delivered by

WOLFSKEIL, J.   Defendants appeal from an order striking out their answer and counter-claim and directing the entry of a judgment in favor of plaintiff.

The complaint was to recover the principal and interest on a bond secured by a second mortgage.   The first mortgage had been foreclosed and the amount realized was less than sufficient to pay that encumbrance.   Both appellants and respondent were served and made parties in the foreclosure suit and the final decree fixed the amount due on the mortgage of the respondent.

The answer was a general denial and a claim of usury in a prior mortgage transaction and different from the one which was made the basis of the complaint.

The counter-claim alleged that defendants' and plaintiff's assignor entered into an agreement to purchase certain real

estate as co-owners and it sought recovery of one-half of charges, expenses and losses arising out of the co-partnership, but the counter-claim, however, appears to have been abandoned.

Respondent gave notice of motion to strike on the ground that the answer and counter-claim were sham and frivolous.

Appellants argue that the notice was deficient because no detailed reasons were given. Appellants, however, were unquestionably apprised of what they would need to meet on the motion, and could not claim surprise, so that this point does not avail them.

It is finally contended by appellants that since the answer interposed a claim of usury and there was a denial of the complaint, an issue was raised which could not be summarily disposed of by the trial judge, but which it was his duty to submit to a jury for determination. That might have been a supportable contention if an issue *de novo* were presented. But here the claim of usury did not pertain to the incident mortgage but to a prior and independent transaction, and there was unrefuted proof before the trial judge that the question raised by the issue was *res adjudicata,* having been adjudicated in the foreclosure proceeding relating to the first mortgage. Since the present litigants were parties, and the subject of the amount due on the second mortgage of plaintiff was before the court in that suit, appellants had the opportunity to assert at that time the defenses which they interposed in the later action on the bond. A pleadable defense that could have been urged but is omitted in a suit between parties is barred by the decree in that suit against use on the same subject-matter in subsequent litigation between the parties. *Mutual Savings Fund Harmonia* v. *Gunne,* 110 *N. J. L.* 41; *Murray* v. *Pearce,* 95 *Id.* 104.

The defendants-appellants had their day in court. The essence of the issue they raise is the amount due on plaintiff's mortgage and this was concluded by final decree of a court which possessed jurisdiction over the subject and over the parties. Appellants made no appeal from that decree but virtually seek to have the same issue tried again in a collateral way in a subsequent suit. This they may not do. The perti-

nent factors of similarity of parties and identity of subject-matter provide indubitable application of the principle of *res adjudicata.*

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.

*For reversal*—None.